1  Michael L. Feinstein, FL Bar No. 0650382
   Michael@feinsteinlaw.net
2  MICHAEL L. FEINSTEIN, P.A.
   888 E. Las Olas Blvd., Suite 700
3  Fort Lauderdale, FL  33301
   Telephone: (954) 767-9662
4  Facsimile: (954) 527-0848
   (*Pro Hac Vice Application Pending*)
5
   Christopher S. Morris, Esq., SBN 163188
6  cmorris@amslawyers.com
   AGUIRRE, MORRIS & SEVERSON LLP
7  444 West C Street, Suite 210
   San Diego, CA 92101
8  Telephone:  (619) 876-5364
   Facsimile:  (619) 876-5368
9
   Attorneys for Plaintiff
10

FILED
APR 19 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

11                UNITED STATES DISTRICT COURT

12                SOUTHERN DISTRICT OF CALIFORNIA

13

14  ERIC WEDDLE, an individual,           Case No.  '11 CV 0817 H  NLS

15                    Plaintiff,           COMPLAINT AND DEMAND FOR JURY
                                           TRIAL
16        v.

17  BAYER AG CORPORATION, a Foreign
    corporation; BAYER USA
18  CORPORATION, a Foreign corporation;
    and ATHLON SPORTS, a Foreign
19  corporation,

20                    Defendants.

COMPLAINT

| | |
|---|---|
| 1 | TABLE OF CONTENTS |
| 2 | |
| 3 | |
| ... | |

# TABLE OF CONTENTS

NATURE OF THE ACTION ................................................................................. 1

JURISDICTION AND VENUE .......................................................................... 1

PRELIMINARY STATEMENT ......................................................................... 4

THE PHOTOGRAPH ........................................................................................ 4

FACTS GIVING RISE TO THE CLAIMS ....................................................... 5

FIRST CLAIM FOR RELIEF ........................................................................... 5
Federal Statutory Misappropriation of Image

SECOND CLAIM FOR RELIEF ...................................................................... 6
California Statutory Misappropriation of Image

THIRD CLAIM FOR RELIEF ......................................................................... 7
Common Law Misappropriation of Image

FOURTH CLAIM FOR RELIEF ..................................................................... 8
Conspiracy to Misappropriate

FIFTH CLAIM FOR RELIEF ........................................................................ 10
Unauthorized Commercial Use of Likeness

SIXTH CLAIM FOR RELIEF ....................................................................... 11
Unfair Competition in Violation of The Lanham Act

SEVENTH CLAIM FOR RELIEF ................................................................ 12
False Advertising

EIGHTH CLAIM FOR RELIEF .................................................................... 13
Civil Action under California's Preservation and Regulation of Competition

PRAYER FOR RELIEF ................................................................................. 15

**COMES NOW** Plaintiff, Eric Weddle, (hereinafter "Weddle"), and files this, his Complaint and Demand for Jury Trial against Bayer AG Corporation (referred to as "Bayer"), Bayer USA Corporation ("Bayer USA"), and Athlon Sports ("Athlon"), ("hereinafter referred to as Defendants") as grounds states as follows:

## NATURE OF THE ACTION

This is an action for (1) Federal Statutory Misappropriation of Image, (2) California Misappropriation of Image, (3) Common Law Misappropriation of Image, (4) Conspiracy to Misappropriate, (5) Unauthorized Commercial Use of Likeness; (6) Unfair Competition in violation of the Lanham Act; (7) False Advertising; and (8) Civil Action under California's Preservation and Regulation of Competition.

## JURISDICTION AND VENUE

1. This is an action for damages in excess of FIVE MILLION DOLLARS ($5,000,000.00), exclusive of interest, costs and attorney's fees.

2. Plaintiff Weddle is a resident of California and a citizen of the United States. At the time of these actions by the Defendants, Weddle was over the age of eighteen (18) and is otherwise *sui juris*.

3. Defendant Bayer AG is a foreign corporation who is authorized and conducts business in and maintains its principal place of business in Leverkusen, Germany and is otherwise *sui juris*.

4. Defendant Bayer USA is the American subsidiary of Bayer AG and is a foreign corporation who is authorized and conducts business in and maintains its principal place of business in Pittsburgh, Pennsylvania and is otherwise *sui juris*.

5. Defendant Athlon Sports is a foreign corporation who maintains its principal place of business in Nashville, Tennessee and is otherwise *sui juris*.

6. This Court has original and exclusive jurisdiction over Weddle's claims for unauthorized use of image or likeness for commercial purposes pursuant to 15 U.S.C. § 1125.

7. This Court has jurisdiction over Weddle's state law claims pursuant to 28 U.S.C. §1332 as the amount in controversy in this action exceeds $75,000.00 and there is diversity

1 between Weddle and all Defendants.

2     8.    Bayer is subject to personal jurisdiction and service of process under California law as follows:

    a.    Pursuant to Cal Code Civ Proc § 410.10, by an action that arose out of an act done or transaction consummated in the forum, or defendant performed some other act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws

    b.    Pursuant to Cal Code Civ Proc § 410.10, because Bayer committed tortious acts within the State of California by misappropriating Weddle's picture, likeness, and image in violation of Cal Civ Code § 3344, as more fully described herein and Weddle's causes of action set forth in Counts I, II, III, IV, and V of this Complaint arise from said tortious acts.

    c.    Pursuant to Cal Code Civ Proc § 410.10 because Bayer committed tortious acts within the state of California by misappropriating Weddle's image and likeness in violation of the common law of California, as more fully described herein and Weddle's causes of action set forth in Counts I, II and III of this Complaint arise from said tortious acts.

9.    Bayer USA is subject to personal jurisdiction and service of process under California law as follows:

    a.    Pursuant to Cal Code Civ Proc § 410.10, an action that arose out of an act done or transaction consummated in the forum, or defendant performed some other act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

    b.    Pursuant to Cal Code Civ Proc § 410.10, because Bayer USA committed tortious acts within the State of California by misappropriating Weddle's picture, likeness, and image in violation of Cal Civ Code § 3344, as

more fully described herein and Weddle's causes of action set forth in Counts I, II, III, IV, and V of this Complaint arise from said tortious acts.

  c. Pursuant to Pursuant to Cal Code Civ Proc § 410.10, because Bayer USA committed tortious acts within the state of California by misappropriating Weddle's image and likeness in violation of the common law of California, as more fully described herein and Weddle's causes of action set forth in Counts I, II and III of this Complaint arise from said tortious acts.

10. Athlon Sports is subject to personal jurisdiction and service of process under California law as follows:

  a. Pursuant to Cal Code Civ Proc § 410.10, an action that arose out of an act done or transaction consummated in the forum, or defendant performed some other act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

  b. Pursuant to Cal Code Civ Proc § 410.10 because Athlon Sports committed tortious acts within the State of California by misappropriating Eric Weddle's picture, likeness and image in violation of Cal Civ Code § 3344, as more fully described herein and Weddle's causes of action set forth in Counts I, II, III, IV, and V of this Complaint arise from said tortious acts.

  c. Pursuant to Cal Code Civ Proc § 410.10 because Athlon Sports committed tortious acts within the State of California by misappropriating Weddle's image and likeness in violation of the common law of California, as more fully described herein and Weddle's causes of action set forth in Counts I, II and III of this Complaint arise from said tortious acts.

11. All conditions precedents to this action have been performed, have occurred, or have been waived.

/ / /

/ / /

## PRELIMINARY STATEMENT

12. This case arises out of the Defendants improper and unauthorized use of Weddle's likeness and image. Defendant Bayer and subsidiary Bayer USA used Weddles likeness and image as part of a marketing campaign to promote Athlon Sports' 2009 Football Handbook. The subject photograph is attached hereto as Exhibit "A".

13. Defendants falsely used the likeness of Plaintiff Weddle to its benefit in order to falsely advertise and promote its product to the general public without the consent or knowledge of the Plaintiff.

## THE PHOTOGRAPH

14. While at the University of Utah, a photo of the Plaintiff Weddle was taken while he was participating in an intercollegiate athletic event during the 2006 College Football Season. Such photograph is clearly one of Weddle, as the photo bears the number worn on his collegiate uniform[1], which is the number thirty two (32). See Exhibit "A."

15. Plaintiff was an outstanding student-athlete at the University of Utah from 2003-2006, and during such time earned Freshman All-American First Team honors (2003), All-Mountain West Conference Honorable Mention (2003), Mountain West Conference Defensive Player of the Year (2005), First-Team- All Mountain West Conference (2005), First Team All American (2006), Second-Team All American Honors (2005), and Emerald MVP honors in 2005.

16. Weddle was drafted by the San Diego Chargers in the Second (2nd) Round of the 2007 NFL Draft, when the Chargers traded the 62nd pick (2nd), 93rd pick (3rd), and a 2008 3rd rounder and 2008 5th rounder to the Chicago Bears for the right to move up to the 37th pick and select Weddle.

17. Since being drafted by the San Diego Chargers Weddle has become earned All-Pro honors by the Associated Press, started almost every NFL game in his professional career for such team, and has established himself as a public figure and a standout NFL player, who is ranked among the top free agents going into the 2011 NFL league year.

///

---

[1] The Number #32 is currently worn by Eric Weddle while playing for the San Diego Chargers.

4

18. Additionally, due to his public recognition Plaintiff has become a spokesperson for the Church of Latter-day Saints as well as a role model for the general public due to his outstanding character and involvement with such organization and the community.

19. The photograph in question has never been licensed, approved or authorized by Plaintiff Weddle for use in any manner whatsoever by these Defendants, and certainly not for use in conjunction with the distribution, sale, or marketing of Bayer antacid & pain relief medicine nor for the distribution, sale, or marketing of Athlon Sports magazine.

## FACTS GIVING RISE TO THE CLAIMS

20. In August 2009, Athlon Sports and Bayer USA, a subsidiary of Bayer AG, engaged in a joint national campaign to promote Bayer USA's product, Alka-Seltzer, and Athlon Sports' 2009 Football Handbook.

21. Upon the launch of such campaign, Athlon Sports Department was in charge of selecting such picture for the campaign of Defendants.

22. Athlon Sports and Bayer USA, a subsidiary of Bayer AG, selected a photo from an online photo database of Weddle, and ran such marketing campaign with Plaintiffs' likeness starting in August 2009. A copy of the online photograph used in such promotion is attached hereto as Exhibit "B."

23. On or about March 16, 2010, the undersigned sent a demand letter on behalf of Plaintiff demanding that Defendants cease and desist from using such image. A copy of the demand letter sent to Defendants is attached hereto as Exhibit "C."

24. The Athlon-Alka-Seltzer promotional boxes were nationally promoted and sold at Walmarts, Walgreens, CVS' and pharmacies throughout the United States with Weddle's image without the written or oral consent of Weddle or an agent acting on his behalf.

## FIRST CLAIM FOR RELIEF

### Federal Statutory Misappropriation of Image

25. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

///

26. This is an action against Defendants Bayer, Bayer USA and Athlon Sports for statutory misappropriation of Weddle's image and likeness for commercial purposes pursuant to 15 USCS § 1125.

27. Defendants Bayer, Bayer USA and Athlon Sports published, printed, displayed or otherwise publicly used Weddle's image and likeness without his expressed written or oral consent for purposes of trade or for other commercial or advertising purposes by among other things:

    a. Printing and copying Weddle's image and likeness and utilizing it for the cover of Bayer's Alka Seltzer antacid boxes.

    b. Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

    c. Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka-Seltzer antacid tablets even after being notified byWeddle.

28. The foregoing acts by Bayer, Bayer USA and Athlon Sports are in violation of 15 USCS § 1125 and have damaged Weddle.

29. Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

30. Accordingly, Plaintiff Weddle is entitled to the remedies Provided in 15 USCS § 1125.

**SECOND CLAIM FOR RELIEF**

**California Statutory Misappropriation of Image**

31. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

32. This is an action against Defendants Bayer, Bayer USA Athlon Sports for statutory misappropriation of Weddle's image and likeness for commercial purposes pursuant to Cal Civ Code § 3344.

33. Defendants Bayer, Bayer USA and Athlon Sports published, printed, displayed or otherwise publicly used Weddle's image and likeness without his expressed written or oral consent for purposes of trade or for other commercial or advertising purposes by among other things:

    a. Printing and copying Weddle's image and likeness and utilizing it for the cover of Bayer's Alka Seltzer antacid boxes.

    b. Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

    c. Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka-Seltzer antacid tablets even after being notified by Weddle.

34. The foregoing acts by Bayer, Bayer USA and Athlon Sports are in violation of Cal Civ Code § 3344 and have damaged Weddle.

35. Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

36. Accordingly, Plaintiff Weddle is entitled to the remedies provided in Cal Civ Code § 3344.

**THIRD CLAIM FOR RELIEF**

**Common Law Misappropriation of Image**

37. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

38. This is an action against Defendants Bayer, Bayer USA and Athlon Sports for common law misappropriation of Weddle's image and likeness.

39. Defendants Bayer, Bayer USA and Athlon Sports published, printed, displayed or otherwise publicly used Weddle's image and likeness without his express written or oral consent for purposes of trade or for other commercial or advertising purposes by among other things:

///

      a.    Printing and copying Weddle's image and likeness and utilizing it for the cover of Alka-Seltzer antacid boxes.

      b.    Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

      c.    Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka-Seltzer antacid tablets even after being notified by Weddle.

40. The foregoing acts by Defendants Bayer, Bayer USA and Athlon Sports constitute misappropriation of Weddle's image and likeness for commercial purposes without his consent and have damaged Weddle.

41. Defendants Bayer, Bayer USA and Athlon Sports had actual knowledge of the wrongfulness of their conduct and the high probability that such use of the photograph would cause injury and/or damage Weddle.

42. Additionally, Defendants Bayer, Bayer USA and Athlon Sports knew that such conduct would result in injury and/or damage to Weddle, and despite that knowledge, Defendants intentionally pursued their course of conduct resulting in injury or damage to Weddle.

43. In the alternative, and even if they acted without such actual knowledge, the conduct of Bayer, Bayer USA and Athlon Sports was so reckless that it constituted a conscious disregard for our indifference to the rights of Weddle. As a result, Weddle is entitled to recover punitive damages against Bayer, Bayer USA and Athlon Sports pursuant to California Law.

44. Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

### FOURTH CLAIM FOR RELIEF
**Conspiracy to Misappropriate**

45. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

///

46. This is an action against Defendants Bayer, Bayer USA and Athlon Sports for conspiracy to misappropriate Weddle's image and likeness.

47. Defendants Bayer, Bayer USA and Athlon Sports conspired to publish, print, display or otherwise publicly use Weddle's image and likeness without his express written or oral consent for purposes of trade or for other commercial or advertising purposes and took actions intended to further that conspiracy among other things:

    a. Printing and copying Weddle's image and likeness and utilizing it for the cover of Alka Seltzer antacid boxes.

    b. Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

    c. Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka Seltzer antacid tablets even after being notified by Weddle.

48. The foregoing acts by Defendants Bayer, Bayer USA and Athlon Sports constitute conspiracy to misappropriate Weddle's image and likeness for commercial purposes without his consent and have damaged Weddle.

49. Defendants Bayer, Bayer USA and Athlon Sports had actual knowledge of the wrongfulness of their conduct and the high probability that such use of the photograph would cause injury and/or damage Weddle.

50. Additionally, Defendants Bayer, Bayer USA and Athlon Sports knew that such conduct would result in injury and/or damage to Weddle, and despite that knowledge, Defendants intentionally pursued their course of conduct resulting in injury or damage to Weddle.

51. In the alternative, and even if they acted without such actual knowledge, the conduct of Bayer, Bayer USA and Athlon Sports was so reckless that it constituted a conscious disregard for our indifference to the rights of Weddle. As a result, Weddle is entitled to recover punitive damages against Bayer, Bayer USA and Athlon Sports pursuant to California Law.

///

52. Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

## FIFTH CLAIM FOR RELIEF

### Unauthorized Commercial Use of Likeness

53. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

54. This is an action against Defendants Bayer, Bayer USA and Athlon Sports for the unauthorized commercial use of Weddle's image and likeness.

55. Bayer, Bayer USA and Athlon Sports used Weddle's image and likeness without his express written or oral consent for purposes of trade or for other commercial or advertising purposes by:

   a. Printing and copying Weddle's image and likeness and utilizing it for the cover of Alka Seltzer antacid boxes.

   b. Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

   c. Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka Seltzer antacid tablets even after being notified by Weddle.

56. The foregoing acts by Bayer, Bayer USA and Athlon Sports constitute unauthorized use of Weddle's image and likeness for commercial purposes without his consent and have damaged Weddle.

57. Alka-Seltzer and Athlon Sports had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to Weddle would result and despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to Weddle.

58. In the alternative, and even if they acted without such actual knowledge, the conduct of Defendants Bayer, Bayer USA and Athlon Sports was so reckless that it constituted a conscious disregard for our indifference to the rights of Weddle. As a result, Weddle is entitled to

10

COMPLAINT

1  recover punitive damages against Defendants Bayer, Bayer USA and Athlon Sports pursuant to
2  Federal and California law.
3      59.    Plaintiff has retained the undersigned to represent him in this matter and is obligated
4  to pay a reasonable fee for the services being provided on its behalf.

### SIXTH CLAIM FOR RELIEF

### Unfair Competition in Violation of The Lanham Act

60. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

61. Defendants' acts alleged herein constitute unfair competition and unfair deceptive acts or practices in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

62. Defendants infringing activities are likely to and are actually causing confusion, mistake and deception among members of the public as to whether the Plaintiff is associated with or have endorsed the Defendants' product. Defendant's unlawful activities in utilizing the Plaintiff's name and image have caused and are continuing to cause damage to the Plaintiff.

63. Defendants Bayer USA and Athlon Sports used Weddle's image and likeness without his express written or oral consent for purposes of trade or for other commercial or advertising purposes by:

    a.    Printing and copying Weddle's image and likeness and utilizing it for the cover of Alka Seltzer antacid boxes.

    b.    Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

    c.    Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka Seltzer antacid tablets even after being notified by Weddle.

64. The foregoing acts by Bayer, Bayer USA and Athlon Sports constitute unauthorized use of Weddle's image and likeness for commercial purposes without his consent and have damaged Weddle.

65.     Alka-Seltzer and Athlon Sports had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to Weddle would result and despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to Weddle.

66.     In the alternative, and even if they acted without such actual knowledge, the conduct of Defendants Bayer, Bayer USA and Athlon Sports was so reckless that it constituted a conscious disregard for our indifference to the rights of Weddle. As a result, Weddle is entitled to recover punitive damages against Defendants Bayer, Bayer USA and Athlon Sports pursuant to Federal and California law.

67.     Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

## SEVENTH CLAIM FOR RELIEF

### False Advertising

68.     Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

69.     This is a claim for violation of Cal Bus & Prof Code § 17500, for false and misleading advertising.

70.     Defendants have advertised and falsely induced the public to believe that Plaintiff is associated with or have endorsed the Defendants' products and/or that Plaintiff is associated with the product promoted by Defendants.

71.     Defendants, Bayer USA and Athlon Sports used Weddle's image and likeness without his express written or oral consent for purposes of trade or for other commercial or advertising purposes by:

   a.     Printing and copying Weddle's image and likeness and utilizing it for the cover of Alka Seltzer antacid boxes.

   b.     Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

   c.     Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale

and distribution of Alka Seltzer antacid tablets even after being notified by Weddle.

72. The foregoing acts by Bayer, Bayer USA and Athlon Sports constitute unauthorized use of Weddle's image and likeness for commercial purposes without his consent and have damaged Weddle.

73. Alka-Seltzer and Athlon Sports had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to Weddle would result and despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to Weddle.

74. In the alternative, and even if they acted without such actual knowledge, the conduct of Defendants Bayer, Bayer USA and Athlon Sports was so reckless that it constituted a conscious disregard for our indifference to the rights of Weddle. As a result, Weddle is entitled to recover punitive damages against Defendants Bayer, Bayer USA and Athlon Sports pursuant to Federal and California law.

75. Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

## EIGHTH CLAIM FOR RELIEF

### Civil Action under California's Preservation and Regulation of Competition

76. Plaintiff incorporates each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

77. This is an action for damages pursuant to California's Preservation and Regulation of Competition Cal Bus & Prof Code § 17200.

78. California's Preservation and Regulation of Competition, makes it unlawful for "unfair methods of competition, unconscionable acts of practices and unfair or deceptive acts or practices in a conduct of any trade or commerce." Specifically, Defendants (a) failed to properly advise and inform said individuals, including Plaintiff, of their intent regarding the use and exposure of Plaintiffs likeness and image to be marketed, distributed and sold in this district and across the world, (b) failed to advise, inform or otherwise notify Plaintiff of their intent to use his image and likeness without his consent on the cover of such Bayer AG products.

79. Defendants, Bayer USA and Athlon Sports used Weddle's image and likeness without his express written or oral consent for purposes of trade or for other commercial or advertising purposes by:

    a. Printing and copying Weddle's image and likeness and utilizing it for the cover of Alka Seltzer antacid boxes.

    b. Printing and copying Weddle's image and likeness and utilizing it as an advertisement to promote Athlon Sports college football preview magazine.

    c. Intentionally and purposefully continuing to utilize Weddle's image and likeness for commercial or advertising purposes in connection with the sale and distribution of Alka Seltzer antacid tablets even after being notified by Weddle.

80. The foregoing acts by Bayer, Bayer USA and Athlon Sports constitute unauthorized use of Weddle's image and likeness for commercial purposes without his consent and have damaged Weddle.

81. Alka-Seltzer and Athlon Sports had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to Weddle would result and despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to Weddle.

82. In the alternative, and even if they acted without such actual knowledge, the conduct of Defendants Bayer, Bayer USA and Athlon Sports was so reckless that it constituted a conscious disregard for our indifference to the rights of Weddle. As a result, Weddle is entitled to recover punitive damages against Defendants Bayer, Bayer USA and Athlon Sports pursuant to Federal and California law.

83. As a direct and proximate result of the activities and conduct in violation of California's Preservation and Regulation of Competition, Plaintiff is an aggrieved person as defined by said statue and has suffered damages with the meaning of the said statue.

84. Plaintiff has retained the undersigned to represent him in this matter and is obligated to pay a reasonable fee for the services being provided on its behalf.

///

COMPLAINT

# PRAYER FOR RELIEF

WHEREFORE plaintiff prays as follows:

UPON ALL CLAIMS FOR RELIEF:

1. Actual damages, including an amount, which would have been a reasonable royalty for the use of Eric Weddle's image and likeness;

2. Punitive damages as provided by law;

3. Attorneys' fees as provided by Cal. Civ. Code § 3344; and

4. Any further relief as this Court deems just and proper.

Respectfully submitted,

MICHAEL L. FEINSTEIN, P.A.

Dated: April 13, 2011

_____
Michael L. Feinstein, FL Bar No. 0650382
Attorneys for Plaintiff
(*Pro Hac Vice Application Pending*)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ERIC WEDDLE

**(b)** County of Residence of First Listed Plaintiff   San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael L. Feinstein, P.A. (Pro Hac Vice Application Pending)
888 E. Las Olas Blvd. Suite 700

## DEFENDANTS
BAYER AG CORPORATION, BAYER USA CORPORATION, ATHLON SPORTS

County of Residence of First Listed Defendant   Germany
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'11 CV 0817 H   NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28:1331
Brief description of cause:
(1) Federal Statutory Misappropriation of Image (2) California Misappropriation of Image (3) Common

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
DOCKET NUMBER

DATE
04/13/2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 25285   AMOUNT $350   APPLYING IFP _____ 4/19/11   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                                          Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS025285
Cashier ID: kdelabar
Transaction Date: 04/19/2011
Payer Name: MICHAEL FEINSTEIN
------------------------------------
CIVIL FILING FEE
 For: WEDDLE V. BAYER
 Case/Party: D-CAS-3-11-CV-000817-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 7251
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```