UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ERIC WEDDLE, | CASE NO. 11CV817 JLS (NLS) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |
| vs. | |
| BAYER AG CORPORATION, et al., | |
| Defendant. | (ECF No. 27) |

Presently before the Court is Plaintiff Eric Weddle's ("Plaintiff" or "Weddle") motion to strike affirmative defenses, or in the alternative, motion for more definite statement. (Mot. to Strike, ECF No. 27)  Also before the Court are Defendants Bayer Healthcare LLC ("Bayer") and Athlon Sports Communications, Inc.'s ("Athlon Sports," and collectively, "Defendants") opposition, (Resp. in Opp'n, ECF No. 47), and Plaintiff's reply, (Reply in Supp., ECF No. 49). The hearing set for the motion on January 12, 2012, was vacated, and the matter taken under submission on the papers.  Having considered the parties' arguments and the law, the Court **DENIES** Plaintiff's motion.

## BACKGROUND

Plaintiff Weddle—currently a professional football player for the National Football League's San Diego Chargers—is suing Defendants for the allegedly improper and unauthorized use of an image of Plaintiff taken while he was a student-athlete at the University of Utah. (Am. Compl. ¶¶ 12, 14, ECF No. 21)  According to Plaintiff, Defendants used a photo of Weddle to promote Bayer's Alka-Seltzer product and Athlon Sports's 2009 Football Handbook.  (*Id.* ¶ 21)

Plaintiff filed his original complaint on April 19, 2011, (Compl., ECF No. 1), and Defendants answered on June 22, 2011, asserting fifteen affirmative defenses, (Answer, ECF No. 8). On July 11, 2011, Plaintiff filed a motion to strike Defendants' affirmative defenses. (Mot. to Strike, ECF No. 15) Subsequently, the parties filed a joint motion for leave to file an amended complaint. (Joint. Mot., ECF No. 21) Defendants thereafter filed an answer to the amended complaint, this time asserting just five affirmative defenses. (Answer, ECF No. 25) Plaintiff then filed the instant motion to strike Defendants' affirmative defenses.

## LEGAL STANDARD

### 1. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Moreover, the motion "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). The court "views the pleadings in the light most favorable to the non-moving party." *Neilson*, 290 F. Supp. 2d at 1152.

### 2. Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement "should be granted only where the [pleading] is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and literally cannot frame a responsive pleading." *Hubbs v. County of San Bernardino*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (internal quotation marks omitted).

//

**ANALYSIS**

Pursuant to Rule 12(f), Plaintiff moves to strike each of Defendants' affirmative defenses asserted in their August 23, 2011, answer to the amended complaint. (Mot. to Strike, ECF No. 27) Defendants assert five affirmative defenses: (1) "Lack of Standing," (Answer 7, ECF No. 25); (2) "Innocent Infringer – Lack of Willfulness," (*id.*); (3) "First Amendment," (*id.* at 8); (4) "Newsworthiness," (*id.*); and (5) "Punitive Damages," (*id.*). In the alternative, Plaintiff moves for a more definite statement of each affirmative defense the Court declines to strike.

**1. Motion to Strike**

*A. Rule 8(c) Pleading Standard*

As an initial matter, to determine the sufficiency of Defendants' affirmative defenses, the Court must address whether the heightened pleading standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), applies to affirmative defenses. No circuit court has yet addressed this issue, and district courts within the Ninth Circuit have gone both ways. *Compare Kohler v. Islands Rests., LP*, No. 11cv2260, 2012 U.S. Dist. LEXIS 24224, at *12 (S.D. Cal. Feb. 16, 2012) ("[T]his Court declines to extend the Twombly/Iqbal pleading standards to affirmative defenses."); *Meas v. CVS Pharmacy, Inc.*, No. 11cv823, 2011 U.S. Dist. LEXIS 76276, at *8 (S.D. Cal. July 14, 2011) ("Although a close issue, the court concludes that affirmative defenses are not subject to a heightened pleading standard."), *Garber v. Mohammadi*, No. 10-7144, 2011 U.S. Dist. LEXIS 57190, at *10 (C.D. Cal. Jan. 19, 2011) ("[T]his Court is not convinced that Twombly should also apply to affirmative defenses."), *and Ameristar Fence Prods. v. Phoenix Fence Co.*, No. 10-299, 2010 U.S. Dist. LEXIS 81468, at *3 (D. Ariz. July 15, 2010) ("The Court is of the view that the pleading standards enunciated in *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), have no application to affirmative defenses pled under Rule 8(c)."), *with Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding that *Twombly* applies to affirmative defenses because "like claims, counterclaims, and cross-claims, affirmative defenses also make claims to relief").

The Court declines to extend the heightened pleading standards of *Twombly* to the pleading of affirmative defenses. Notably, *Twombly* addressed only Rule 8(a)(2)'s requirement that a

1 pleading contain a "short and plain statement of the claim showing that the pleader is entitled to
2 relief," and did not address the pleading requirements for Rule 8(c), which governs the pleading of
3 affirmative defenses. *Twombly*, 550 U.S. at 555. Indeed, differences in the plain language of Rule
4 8(a)(2) and Rule 8(c) suggest that less is required for pleading affirmative defenses. Unlike Rule
5 8(a)(2)'s requirement that a pleader "show" an entitlement to relief, Rule 8(c) requires only that
6 the responding party "affirmatively state" any affirmative defenses. Fed. R. Civ. P. 8(c)(1); *see*
7 *also, e.g.*, *Ameristar Fence Prods., Inc.*, 2010 U.S. Dist. LEXIS 81468, at *3.

8 Moreover, "practical and judicial economy considerations further support application of
9 the traditional pleading standard for affirmative defenses." *Meas*, 2011 U.S. Dist. LEXIS 76276,
10 at *8. Some of these considerations include the limited time a defendant has to prepare an answer
11 to the complaint, avoidance of the need to repeatedly amend an answer to assert later-discovered
12 defenses, and discouragement of motions to strike brought for dilatory or harassment purposes.
13 *See id.* at *9; *State of California ex rel State Lands Comm'n v. United States*, 512 F. Supp. 36, 38
14 (N.D. Cal. 1981) ("Motions to strike are often looked on with disfavor because of the tendency for
15 such motions to be asserted for dilatory purposes.").

16 Thus, the Court concludes that *Twombly*'s heightened pleading standard does not apply to
17 Defendants' affirmative defenses. Accordingly, "[t]he key to determining the sufficiency of
18 pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v.*
19 *City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48
20 (1957)).

21 **B. Lack of Standing**

22 Defendants' first affirmative defense asserts that Plaintiff "lacks standing to assert some or
23 all of his claims for relief" based on the contention that "Plaintiff assigned to the University of
24 Utah and/or the National Collegiate Athletic Association ("NCAA") any and all rights to exploit
25 his name, image, likeness and other indicia of his identity as he appeared as a player for the
26 University of Utah." (Answer 7, ECF No. 25) Plaintiff argues that this affirmative defense should
27 be stricken because "Plaintiff never assigned to the NCAA or University of Utah the right to
28 commercially exploit his name, image, likeness or other indicia of his identity . . . ." (Reply in

Supp. 3, ECF No. 49).[1]

Defendants' affirmative defense on standing is sufficient to give Plaintiff fair notice of the defense asserted. Specifically, Defendants contend that Plaintiff lacks standing because he has assigned his rights to the NCAA or the University of Utah. Plaintiff's argument to the contrary constitutes a factual dispute that is not appropriate for resolution at this early stage.[2] Thus, Plaintiff's motion to strike the first affirmative defense is **DENIED**.

*C. Innocent Infringer – Lack of Willfulness*

Defendants' second affirmative defense contends that Defendants cannot be held liable for willful infringement given that "Defendants did not know or believe at the time the materials at issue in the First Amended Complaint were created and distributed that such materials contained or used or could be recognized as using an image and/or trademark of Plaintiff." (Answer 7, ECF No. 25)  Plaintiff contends that this defense is "legally insufficient because ignorance of the law is not a proper defense." (Mot. to Strike 2, ECF No. 27)

Contrary to Plaintiff's characterization, Defendants' second affirmative defense does not claim ignorance of the law, but rather attempts to negate an essential element of one of Plaintiff's claims—namely, the knowledge requirement. *See Christoff v. Nestle USA, Inc.*, 62 Cal. Rptr. 3d 122, 141 (Cal. Ct. App. 2007) (noting that "knowing use" is a required element of California Civil Code section 3344).

As Plaintiff correctly points out in his reply brief, however, Defendants' attempt to negate the knowledge element of section 3344 is not appropriately characterized as an affirmative

---

[1] In his motion, Plaintiff argued that this affirmative defense should be stricken because it consists of merely "bare bone conclusory allegations" and "fails to [give] Plaintiff fair notice of the nature of the defense." (Mot. to Strike 3, ECF No. 27)  However, Plaintiff erroneously cited to Defendants' earlier answer, despite the fact that Defendants supplemented the affirmative defense regarding standing with more specific factual allegations in their second answer. *Compare* (Answer 7, ECF No. 8) (stating only that "Plaintiff lacks standing to assert some or all of his claims for relief"), *with* (Answer 7, ECF No. 25) (stating that Plaintiff lacks standing due to the alleged assignment of rights). In his reply brief, Plaintiff references the correct answer, and the Court will therefore refer to that brief in analyzing Plaintiff's motion to strike the first affirmative defense.

[2] Indeed, even if the Court were to consider the Student-Athlete General Releases form that presumably forms the basis for this affirmative defense—submitted for the first time as an exhibit to Plaintiff's reply brief—the submitted form is nearly illegible and the Court is therefore unable to discern from that exhibit alone the validity of Defendants' asserted defense. (Reply in Supp. 14, ECF No. 49)

1  defense.  Although Defendants may certainly contest the knowledge element in connection with
2  Plaintiff's section 3344 claim, "[a] defense is not an affirmative defense where it merely negates
3  an element of the plaintiff's prima facie case."  *Hadar v. Concordia Yacht Builders*, 886 F. Supp.
4  1082, 1089 (S.D.N.Y. 1995) (internal quotation marks omitted); *see also Zivkovic v. S. Cal. Edison
5  Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (noting, in the context of waiver of an affirmative
6  defense, that "merely negat[ing] an element that [Plaintiff] was required to prove . . . [i]s not an
7  affirmative defense").

8       This Court agrees with other district courts within this circuit that "[d]enials that are
9  improperly pled as defenses should not be stricken on that basis alone."  *J&J Sports Prods. v.
10 Delgado*, No. 10-2517, 2011 U.S. Dist. LEXIS 9013, at *5 (E.D. Cal. Jan. 19, 2011); *see also
11 Mattox v. Watson*, No. 07-5006, 2007 U.S. Dist. LEXIS 88634, at *9 (C.D. Cal. Nov. 15, 2007)
12 ("The sparse authority addressing the subject has concluded that denials that are improperly pled
13 as defenses should not be stricken for that reason alone."); *Smith v. Wal-Mart Stores*, No. 06-2069,
14 2006 U.S. Dist. LEXIS 72225, at *27–30 (N.D. Cal. Sept. 20, 2006).  Moreover, Plaintiff has not
15 claimed any prejudice and the improper designation of this denial does not operate to prejudice
16 Plaintiff in any way.  Thus, Plaintiff has not provided sufficient grounds for striking Defendants'
17 denial and the motion to strike the second affirmative defense is therefore **DENIED**.

18 *D. First Amendment & Newsworthiness*

19      Defendants' third affirmative defense is that Plaintiff's claims "are barred in whole or in
20 part because Defendants' complained of activities are protected by the First and Fourteenth
21 Amendments to the U.S. Constitution and/or by Article I, Section 2 of the California
22 Constitution." (Answer 8, ECF No. 25)  Defendants' fourth affirmative defense is that Plaintiff's
23 claims "are barred in whole or in part because Defendants' complained of activities constituted the
24 publication of a news and/or public affairs account."  (*Id.*)  Plaintiff contends that these affirmative
25 defenses should be stricken because they fail to "place Weddle or the Court on notice of the
26 specific legal basis and/or facts for avoiding liability for the claims alleged in the Complaint based
27 upon the constitutional grounds asserted in such defense."  (Mot. to Strike 4, ECF No. 27)
28 //

Though somewhat sparse as to how the referenced constitutional provisions serve to protect Defendants from liability or how the newsworthiness of the publication bears on Defendants' liability, the Court finds that as pleaded these affirmative defenses are sufficient to put Plaintiff on notice of the defense asserted. The majority of Plaintiff's arguments to the contrary go to the merits of these defenses, rather than as to whether they have been sufficiently pleaded. (*See* Reply in Supp. 6–8, ECF No. 49) Accordingly, the Court **DENIES** Plaintiff's motion to strike the third and fourth affirmative defenses.

*E.  Punitive Damages*

Defendants' fifth and final affirmative defense contends that Plaintiff cannot recover punitive or exemplary damages on three bases: (1) because Plaintiff has "failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice;" (2) because Plaintiff has "failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff or that Defendants were motivated by evil motive or intent;" and (3) because "California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because California's laws, rules and procedures regarding punitive damages [are otherwise unlawful.]" (Answer 8, ECF No. 25)

As to the first two bases of Defendants' fifth affirmative defense, the Court finds that these bases are better characterized as denials rather than as affirmative defenses. Defendants are attempting to negate necessary elements of Plaintiff's claims for punitive damages, which, as explained *supra*, is not an affirmative defense. But because Plaintiff is not prejudiced by improperly labeling this denial as a defense, the Court **DENIES** Plaintiff's motion to strike on this basis.

As to the third basis of Defendants' fifth affirmative defense—that California's laws regarding punitive damages are unlawful—the Court finds that Defendants' affirmative defense is sufficient to give Plaintiff fair notice of the defense asserted. Specifically, Defendants assert that they cannot be held liable for punitive damages because California's laws are too vague, they deny due process, they impose criminal penalties without the requisite protections, they violate the Fourteenth Amendment, and they place an unreasonable burden on interstate commerce. (Answer

1  8, ECF No. 25)  Accordingly, Plaintiff's motion to strike the first affirmative defense is **DENIED**.

2  **2. Motion for More Definite Statement**

3  Having denied Plaintiff's motion to strike each affirmative defense, the Court turns to
4  Plaintiff's motion, in the alternative, for a more definite statement.  "While a motion to strike may
5  be made with reference to any pleading, a motion for more definite statement may not."
6  *Gallagher v. England*, No. 05-0750, 2005 U.S. Dist. LEXIS 36199, at *7 (E.D. Cal. Dec. 5, 2005).
7  Pursuant to Rule 12(e), a party may move for a more definite statement only "of a pleading to
8  which a responsive pleading is allowed."  Fed. R. Civ. P. 12(e).

9  Rule 7(a) lists pleadings allowed under the Federal Rules, and, relevant here, indicates that
10  a reply to an answer is allowed only "if the court orders one."  Fed. R. Civ. P. 7(a)(7); *see also*
11  *Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, 07-cv-00448, 2007 U.S. Dist. LEXIS 62608, at *10
12  (E.D. Cal. Aug. 15, 2007) ("[N]o responsive pleading is permitted to an affirmative defense.")
13  The Court has not granted Plaintiff leave to reply to Defendants' answer; Defendants' answer is
14  therefore not a pleading to which a responsive pleading is allowed.  And as such, a motion for
15  more definite statement of Defendants' affirmative defenses is inappropriate.  Thus, the Court
16  **DENIES** Plaintiff's alternative motion for a more definite statement.

17  **CONCLUSION**

18  For the reasons stated above, the Court **DENIES** Plaintiff's motion to strike Defendants'
19  affirmative defenses, and **DENIES** Plaintiff's motion, in the alternative, for a more definite
20  statement.

21  **IT IS SO ORDERED**.

23  DATED: March 26, 2012

24  Honorable Janis L. Sammartino
    United States District Judge

- 8 -                11cv817